IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLEXESERVE, INC., AND THE ALAN NUTTALL PARTNERSHIP LTD., <br><br> Plaintiffs, <br><br> v. <br><br> WELBILT, INC. d/b/a MERCO, <br><br> Defendant. | ) ) ) ) ) ) C.A. No. ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) |

## COMPLAINT

Plaintiffs Flexeserve, Inc., and The Alan Nuttall Partnership Ltd. (collectively, "Flexeserve" or "Plaintiffs") bring this action against Welbilt, Inc. d/b/a Merco ("Merco" or "Defendant"), for infringement of U.S. Patent No. 9,462,897 (the "Asserted Patent").

## INTRODUCTION

This is a patent infringement action to stop Defendant's infringement of the Asserted Patent and to seek damages, injunctive relief, and other remedies for Defendant's infringement, which includes willful copying of Plaintiffs' technology.

## PARTIES

1.  Plaintiff Flexeserve, Inc. is a Texas company organized and existing under the laws of Texas with its principal place of business at 415 S. Kimball Ave., Suite B, Southlake, TX 76092.

2.  Plaintiff The Alan Nuttall Partnership Ltd. is a UK company organized and existing under the laws of UK with its principal place of business at Orchard House, Hinckley, Leicestershire, United Kingdom, LE10 3BZ.

3.  Defendant Welbilt, Inc. d/b/a Merco is a Delaware corporation with its principal place of business at 2227 Welbilt Blvd., New Port Richey, FL 34655. On information and belief,

Merco has a registered agent capable of accepting service in this district, Corporation Service Company, with a place of business at 25 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general jurisdiction over Defendant because it is incorporated in Delaware, has continuous and systematic contacts with this District, and maintains an ongoing presence in this District. As described below, the Defendant has committed acts of patent infringement giving rise to this action.

7. This Court also has specific personal jurisdiction over the Defendant because it has directed activities relating to the accused of infringement at residents of Delaware. These actions establish minimum contacts with Delaware such that jurisdiction comports with the Delaware Long-Arm Statute and the United States Constitution.

## VENUE

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b), because the Defendant is incorporated in this District, has a regular and established place of business in this District, and has committed acts of infringement in this District.

## PATENT-IN-SUIT

9. The Alan Nuttall Partnership Ltd. is the assignee and owner of the Asserted Patent.

10. Flexeserve, Inc. is the exclusive licensee with the right to enforce the Asserted Patent.

11. The Asserted Patent covers commercial embodiments of the Flexeserve Zone products, which are heated, self-serve food cabinets developed and sold by Flexeserve across the United States and abroad. Flexeserve Zone products have been recognized repeatedly by others in the industry, and have enjoyed widespread adoption in supermarkets, gas stations, convenience stores, restaurants, and cafes all over the world.

12. U.S. Patent No. 9,462,897 ("The '897 Patent") is entitled "Open-Fronted Cabinet," issued on October 11, 2016. The '897 Patent is based on and claims priority benefit of PCT Application No. GB2013/052887, filed on November 5, 2013. The '897 Patent is attached as Exhibit A.

13. The Asserted Patent claims an open fronted food storage cabinet with a defined interior space, accessible through the front, with an interior chassis comprised of mechanically connected panels formed from a structural sandwich, dividing the interior space into portions, and an aperture in which a temperature altering mechanism is mounted.

## DEFENDANT'S CONDUCT

14. At the 2024 National Restaurant Association trade show, Defendant displayed and offered for sale an open fronted food storage cabinet, which Defendant calls the Merco Market and/or Merco Merchandising Cabinet ("MMC"), that meets each and every limitation of at least claim 1 of the '897 Patent.

15. Upon information and belief, at least as of the time of the 2024 National Restaurant Association trade show, Defendant was aware of the Asserted Patent and aware that the MMC infringed that patent.

16. Upon information and belief, Defendant received information regarding the structure and function of the Flexeserve Zone cabinets, which embody the inventions claimed in

the Asserted Patent, and Defendants copied the design of the Flexeserve Zone cabinets to create the MMC and willfully infringe the Asserted Patent.

17. Upon information and belief Defendant has at least offered for sale the infringing MMC to at least one of Flexeserve's most valued and prominent customers.

18. Flexeserve wrote to Defendant regarding infringement of the Asserted Patent on July 11, 2024, and again on August 9, 2024. Flexeserve requested additional information regarding the MMC products to further assess infringement. Defendant refused to provide any further information regarding the MMC products on reasonable terms. On December 23, 2024, Flexeserve proposed reasonable edits to a non-disclosure agreement demanded by Defendant as a condition of providing Flexeserve with information about the MMC. As of the filing of this Complaint, Defendant has not responded.

## COUNT I
## INFRINGEMENT OF THE '897 PATENT

19. Flexeserve incorporates the above paragraphs by reference.

20. Defendant's MMC meets and each and every limitation of at least claim 1 of the '897 Patent either literally or by the doctrine of equivalents.



21. Defendant's MMC is an open fronted food storage cabinet with a defined interior space, accessible through the front, with an interior chassis comprised of mechanically connected panels formed from a structural sandwich, dividing the interior space into portions, and an aperture in which a temperature altering mechanism is mounted.

## JURY DEMAND

22. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that the Asserted Patent is valid and enforceable;

B. A judgment that Defendants have infringed one or more claims of the '897 Patent;

C. An award of money adequate to compensate Flexeserve for Defendant's infringement in the form of lost profits and/or a reasonable royalty, and including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

D. A determination that Defendants' infringement was willful and an award of treble damages in accordance with 35 U.S.C. § 284;

E. A determination that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded their reasonable attorney fees against Defendant that they incur in prosecuting this action;

F. An award of Plaintiffs' costs, and expenses that they incur in prosecuting this action; and

G. An award of such further relief at law or in equity, such as preliminary and/or permanent injunctive relief, as the Court deems just and proper.

ASHBY & GEDDES

/s/ Andrew C. Mayo

Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE  19899
302.654.1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs*
*Flexeserve, Inc., and*
*The Alan Nutall Partnership Ltd.*

*Of Counsel:*

Benjamin T. Horton
Kelley S. Gordon
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606
312.474.6300
bhorton@marshallip.com
kgordon@marshallip.com

Dated:  February 10, 2025